```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ILVER FAMILIA and SANTA
FAMILIA,
                Plaintiffs,

        - against –

MARK D. FROMER, M.D. P.C. d/b/a
FROMER EYE CENTERS; MARK D.              MEMORANDUM AND ORDER
FROMER, M.D.; EMILY SHTULL,
O.D.; HUMA AHMAD, O.D.; RYAN             23 Civ. 6725 (NRB)
ROGERS, M.D.; RAPHAEL CASTILLO,
M.D.; SAMUEL T. WONG, M.D.; NY
EYE and EAR INFIRMARY INC.
d/b/a NEW YORK EYE AND EAR
INFIRMARY OF MOUNT SINAI; and
MOUNT SINAI HOSPITALS GROUP,
INC. d/b/a MOUNT SINAI HEALTH
SYSTEMS,

                Defendants.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On August 1, 2023, plaintiffs -- infant Ilver Familia (or "infant plaintiff") and his mother Santa Familia -- brought this action invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons set forth in this Memorandum and Order, the Court dismisses the action for lack of subject matter jurisdiction.

## BACKGROUND

In August 2022, plaintiffs allege that Ilver Familia suffered injuries and complications stemming from defendants'

negligent, careless, and reckless treatment of "trauma to [the infant plaintiff's] eye."  ECF No. 1 ("Compl.") ¶¶ 77, 132. Plaintiffs seek to recover damages for Ilver Familia's personal injuries, loss of eyesight, disability, pain and mental suffering, loss of future earnings, loss of the pleasures and pursuits and enjoyment of life, and medical and other expenses.  See generally id.  Plaintiff Santa Familia also seeks damages for the loss of future love, society, companionship, services, and support of her son.  Id. ¶¶ 151-160.

Plaintiffs invoke the Court's diversity jurisdiction, alleging that they are citizens of the State of New Jersey and that all defendants are either citizens of or duly organized and doing business in the State of New York.  Id. ¶¶ 1-15, 21.  On November 13, 2023, certain defendants requested a pre-motion conference concerning, among other things, their anticipated motion to dismiss for lack of subject matter jurisdiction based on Mark D. Fromer, M.D.'s ("Dr. Fromer") New Jersey citizenship, thus destroying the Court's diversity jurisdiction.  ECF Nos. 60, 65-1.  In response, plaintiffs proposed discontinuing the case as against Dr. Fromer.  ECF No. 61.  However, Dr. Fromer's co-defendants oppose the dismissal of Dr. Fromer in the absence of an affidavit from Dr. Fromer confirming that he did not treat the

infant plaintiff and explaining why the infant plaintiff's medical records indicate that Dr. Fromer provided care to the patient. Id.; see also ECF Nos. 61-2, 61-3.  No such affidavit was provided.

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not entertain matters over which they do not have subject-matter jurisdiction.  Funk v. Belneftekhim, 861 F.3d 354, 371 (2d Cir. 2017).  Subject-matter jurisdiction cannot be waived by the parties, nor can it be created by the consent of the parties.  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-02 (1982).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Under 28 U.S.C. § 1332, a plaintiff may invoke federal jurisdiction only when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

Rule 21 of the Federal Rules of Civil Procedure allows a court to "at any time, on just terms, add or drop a party."  Under Rule 21, a federal court may salvage diversity jurisdiction by removing a dispensable non-diverse party from a lawsuit.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989).  However, courts "should carefully consider whether the dismissal . . . will

prejudice any of the parties in the litigation." Wheeler v. Citigroup, 938 F. Supp. 2d 466, 473 (S.D.N.Y. 2013) (quotations and citations omitted). "Courts may not allow a plaintiff to dismiss a non-diverse party for the purpose of creating diversity jurisdiction if that party's absence would require dismissal pursuant to Federal Rule of Civil Procedure 19(b)." Eastern Sav. Bank v. Walker, 775 F.Supp.2d 565, 574 (E.D.N.Y. 2011); see also CP Solutions PTE, Ltd. V. General Electric Co., 553 F.3d 156, 159 (2d Cir. 2009) ("Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, . . . provided the nondiverse party is not 'indispensable' under Rule 19(b)"). Under Rule 19(a), "[a] person . . . whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if," among other things, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1). Rule 19(b) provides that:

> If a person who is required to be joined [under Rule 19(a)(1)] cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective

>     provisions in the judgment; (B) shaping the relief; or
>     (C) other measures; (3) whether a judgment rendered in
>     the person's absence would be adequate; and (4) whether
>     the plaintiff would have an adequate remedy if the action
>     were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, it is undisputed that one of the defendants -- Dr. Fromer -- is a non-diverse party and that his presence in this litigation would destroy diversity jurisdiction. ECF Nos. 60, 61, 65. Thus, this Court can retain subject matter jurisdiction over this action only if Dr. Fromer is dismissed pursuant to Rule 21 of the Federal Rules of Civil Procedure. In their complaint, plaintiffs allege that Dr. Fromer treated Ilver Familia. See Compl. ¶¶ 34, 40. They also contend in a letter to the Court that the infant plaintiff's medical records, including prescription submissions and medical bills, indicate that Dr. Fromer was involved in his care. ECF No. 61 at 1. Moreover, plaintiffs allege that Dr. Fromer "owned, operated, managed, and/or controlled" the medical practice that allegedly provided care to the infant plaintiff -- Fromer Eye Centers -- and "was in complete management and control of all the optometrists, physicians, and/or other medical staff found in" Fromer Eye Centers. Compl. ¶ 29, 33; see also id. ¶ 31 (alleging that Fromer Eye Center staff "were all under the supervision and control" of Dr. Fromer). If Dr.

Fromer either treated the infant plaintiff or directly supervised others rendering professional services on behalf of the professional corporation while treating the infant patient, Dr. Fromer's absence "might prejudice . . . the existing parties" and "a judgment rendered in [his] absence" might be inadequate. Fed. R. Civ. P 19(b); N.Y. Bus. Corp. Law § 1505(a) ("Each shareholder, employee or agent of a professional service corporation . . . shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation"); see also Furman v. DeSimone, 180 A.D.3d 1310, 1313, 119 N.Y.S.3d 284, 287–88 (2020) (finding that defendant could be held liable "in his capacity as supervising anesthesiologist for not only his own negligent conduct," but another employees' provision of anesthesia services, because "the fact remains that she was under his supervision").  Thus, Dr. Fromer is an indispensable party under Rule 19(b).

## CONCLUSION

Accordingly, based on the allegations in plaintiffs' own complaint, dismissal as to Dr. Fromer might well be prejudicial and inadequate to other co-defendants.  Fed. R. Civ. P. 19(b).

Further, it is clear that plaintiffs have an adequate remedy in the state courts of New York. Thus, for the foregoing reasons, plaintiffs' complaint is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:   New York, New York
         December 27, 2023

                                             _____
                                                NAOMI REICE BUCHWALD
                                             UNITED STATES DISTRICT JUDGE